# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### LEXINGTON

|  |  |  |
|---|---|---|
| **SANDRA D. SMITH,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 5:19-cv-00458-MAS** |
| **v.** | ) | |
| | ) | **OPINION & ORDER** |
| **COMMISSIONER OF SOCIAL SECURITY,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |

This matter is before the Court on Plaintiff Sandra D. Smith's ("Smith") motion for attorney's fees pursuant to 42 U.S.C. § 406(b). [DE 24]. The Commissioner does not object to the request, in substance, though it comments on the terms of the relief sought. [DE 25]. The Commissioner further takes the position that the fee amount requested in this case is reasonable. The Court agrees and thus grants Plaintiff's motion for attorney's fees in substantial part. However, insofar as Plaintiff's motion can be read to ask that the Commissioner remit any remaining fee balance beyond the 25% statutory withholding cap, the Court denies it to that extent only; counsel must seek any such remaining fees from Claimant Smith directly.

## I.      RELEVANT BACKGROUND

This Social Security appeal ended in reversal of the Commissioner's underlying decision under sentence four of 42 U.S.C. § 405(g) and remand to the agency for further proceedings. [DE 18 (Order Reversing & Remanding); DE 21 (Judgment)]. Following Judgment entry, the parties jointly moved for approval of a $4,000 attorney's fee award to Plaintiff pursuant to the Equal

Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  [DE 22 (Joint Motion)].  The Court subsequently approved the joint request and awarded $4,000 in EAJA attorney's fees.  [DE 24].

The Commissioner ultimately issued a decision on remand that was fully favorable to Smith.  [DE 24-2 (Notice of Decision – Fully Favorable)].  Based on this result, in May 2021, Plaintiff filed a motion for attorney's fees under § 406(b), as a substitute for and alternative to the prior EAJA fee award.  [DE 24].  The Commissioner has responded as noted per the Local Rules. [DE 25].  *See* LR 83.11.  The matter is thus fully briefed and ripe for resolution.

Lastly, Smith's motion is timely filed, and the Court has jurisdiction to consider it.  Though Rule 54 typically requires fee-motion filing within 14 days of Judgment, the filing period may be tolled in appropriate § 406(b) fee situations pending issuance of the Notice of Award (detailing the past-due benefits total for § 406 calculation purposes).  *See* Fed. R. Civ. P. 54(d)(2)(B)(i); *Amburgey v. Colvin*, No. CV 5:08-335-DCR, 2016 WL 2859611, at *2 (E.D. Ky. May 16, 2016). Here, the Notice of Award [DE 24-3] was issued on April 10, 2021, and the record otherwise shows diligent pursuit of Smith's rights in this regard between Judgment and Notice of Award issuance.  As in *Amburgey*, counsel here was functionally "unable to file a proper motion without the information regarding [the claimant's] past-due benefit award," and Smith's counsel did not receive such information until April 10, 2021 (at earliest).  2016 WL 2859611, at *3.  The filing window thus is equitably tolled through this date.  And, because Rule 54 incorporates the Local Rules' applicable filing deadlines in this context, Smith ultimately had a month (rather than 14 days) following the Notice of Award to pursue the instant fee request under Local Rule 83.11.  *See, e.g.*, *Barnett v. Saul*, No. 7:19-CV-00035-EBA, 2021 WL 684117, at *3 (E.D. Ky. Feb. 22, 2021); LR 83.11(d) (30-day filing window).  The Commissioner does not challenge the motion's timeliness or this Court's jurisdiction.

## II.   <u>LEGAL STANDARD</u>

"Whenever a court renders a judgment favorable to a [represented] claimant . . ., the court may determine and allow as part of its judgment a reasonable fee for such representation," but such fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  Under the statute, the Court must review the reasonableness of the contingency fee agreement and the applicable hourly rate, and counsel bears the burden of demonstrating that the amount sought is reasonable.  *Amburgey*, 2016 WL 2859611, at *2 (citing *Gisbrecht v. Barnhart*, 535 U.S. 789, 807 (2002)).  Though "[c]ourts accord a rebuttable presumption of reasonableness to contingency fee agreements that are consistent with § 406(b)[,]" *id.*, the Court nonetheless must review the proposed award to ensure that counsel did not act improperly and that the award will not constitute a windfall to counsel based on "either an inordinately large benefit award or [ ] minimal effort expended" in the underlying case, *id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746 (6th Cir. 1989)).

A critical element of the windfall analysis is whether the hypothetical hourly rate (as deduced from the fee agreement in relation to the ultimate past-due award) is reasonable.  *Id.*  Ultimately, "a hypothetical hourly rate that is less than twice the standard rate is *per se* reasonable[.]"  *Hayes v. Sec'y of Health & Hum. Servs.*, 923 F.2d 418, 422 (6th Cir. 1990), *as clarified on reh'g* (Jan. 23, 1991)).  Conversely, "a hypothetical hourly rate that is equal to or greater than twice the standard rate may well be reasonable" and is accorded the rebuttable reasonableness presumption, but is not *per se* reasonable.  *Id.*; *see also Horenstein v. Sec'y of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994).  "If the calculated hourly rate is above [the] floor, then the court may consider arguments designed to rebut the presumed reasonableness of the attorney's fee[,]" including "without limitation, a consideration of what proportion of the

hours worked constituted attorney time as opposed to clerical or paralegal time and the degree of difficulty of the case." *Hayes*, 923 F.2d at 422.  The Court looks to such factors as "the difficulty of the case, the results achieved, whether the attorney was responsible for any delay, and other[s] [ ] in determining whether the fee contemplated by the agreement is reasonable." *Amburgey*, 2016 WL 2859611, at *2.

In calculating the applicable hourly rate and assessing the reasonableness of fees, the Court may consider time spent in EAJA litigation in the case, but it may not consider time spent preparing the § 406(b) fee motion.  *See id.* (*comparing Walls v. Astrue*, No. 05-2226, 2008 WL 1984274, *2 (W.D. Tenn. May 1, 2008) *with, e.g.*, *Wummel v. Comm'r of Soc. Sec.*, No. 12-14860, 2016 WL 245287, *2 n.2 (E.D. Mich. Jan. 21, 2016)).  Finally, courts in this District typically use a lodestar method to determine the hourly rate and assess it (and the contingency agreement as a whole) for reasonableness.  *Id.*, at *3; *Hayes*, 923 F.2d at 422; *Barnett*, 2021 WL 684117, at *3.[1]  This method arrives at a hypothetical hourly rate by dividing the fee amount as contemplated in the contingency fee agreement by the number of hours spent in work before the Court.  *See Hayes*, 923 F.2d at 422.

## III.   <u>ANALYSIS</u>

First, the Court finds that the contingency agreement in this case complies with the statute, as a threshold matter.  The agreement between Smith and counsel commits Smith to payment of

---

[1] Plaintiff challenges application of the lodestar method and argues, fairly, that other courts have rejected it in this context.  [DE 24-1 at Page ID # 1133-34]; *see, e.g.*, *Amador v. Acting Comm'r of Soc. Sec. Admin.*, 8:16-cv-3271-T-MCR, 2019 WL2269826 (M.D. Fla. May 28, 2019)  Indeed, Justice Scalia's *Gisbrecht* dissent artfully observed the analytical awkwardness inherent in according fee agreements primacy yet overlaying a hindsight-informed lodestar review method. *Gisbrecht*, 535 U.S. at 809 (Scalia, J., dissenting).  But the Court nonetheless applies the above-described framework as endorsed by *Gisbrecht / Hayes* generally and consistent with *Amburgey* as here discussed.  In any event, the Court need not directly address and resolve Plaintiff's lodestar challenge or decide the continued viability of the method overall, as even application of this unequivocally more rigid reasonableness lens nets the same ultimate result—full approval of the amount Plaintiff seeks, as the Commissioner agrees is appropriate and as is justified by the record.

the lesser of 25% of any past-due award or $6,000.  [DE 24-4].  Because the amount does not exceed 25% of the past-due award, it is proper under 42 U.S.C. § 406(b)(1)(A).

Second, the Court finds that the total number of hours claimed on Smith's behalf in this motion (23.7 billable counsel hours) is reasonable in context of the case's needs, its results, counsel's qualifications and experience, and the effort counsel actually expended.  Counsel is qualified and experienced in litigating Social Security matters in this area.  [DE 24-7 (Affidavit)].  Counsel further prepared and filed a motion for summary judgment on the issues in this case prior to remand, ultimately prompting the Commissioner's motion for the same.  [DE 12, 17].  Counsel additionally spent time litigating the EAJA fee issue.  [DE 22, 23].  And, ultimately, counsel both achieved an efficient resolution before this Court and secured a fully favorable agency determination on remand and a sizeable past-due award for Smith.  [DE 24-2, 24-3].  The Commissioner does not object to the total number of hours claimed.  Accordingly, finding the unopposed number fully justified by the record, the Court does not deduct from it and utilizes counsel's represented 23.7 hour input in its lodestar computation.

To determine the hypothetical hourly fee, the Court divides the total fee sought per the contingency agreement's 25% threshold ($11,315.50) by the total number of approved counsel hours (23.7), for a hypothetical rate of $447.45/hour.  [*See also* DE 24-1 at Page ID # 1137 (arriving at same hypothetical rate)].  Smith contends that this rate is *per se* reasonable because it is less than twice counsel's ordinary rate in federal civil cases of $250/hour.  [*Id.*; DE 24-7 (counsel affirming under oath that his regular rate is $250/hour and further asserting that hourly rates for similar work range from $295 to $500); *accord* DE 24-6 (declaration from other counsel supporting proposed hourly rates and estimating that Social Security cases in this District bill between $250 and $350 hourly)].

However, despite the evidence presented, the Court does not find that $250 (or above) is the *standard* rate for similar work in this area.  Courts in this District regularly look to the EAJA $125/hour cap, as routinely applied in this District, as the local standard for § 406 fees.  *Amburgey*, 2016 WL 2859611, at *4; *Barnett*, 2021 WL 684117, at *4; *Layne v. Colvin*, No. 5: 13-363-DCR, 2015 WL 5174025 (E.D. Ky. Sept. 2, 2015); 28 U.S.C. § 2412(d)(2)(A).  The limited anecdotal evidence in the record from counsel and another attorney as to amounts typically charged in federal civil cases generally, even combined with the opinion that work of this sort could be billed at $250 to $350 hourly within this District, does not outweigh the cases' persuasive evidence of historical fees actually earned and paid in recent, local (Lexington area) Social Security cases.  The Court questions the departure from the typical practice of using $125/hour as the standard rate for instant purposes and concludes that the lodestar computation, which is nearly four times the standard rate, is not *per se* reasonable.

Yet, it is still presumed to be reasonable absent successful arguments rebutting the presumption, including those targeting the proportion of counsel vs. other hours worked, the case difficulty, and the efforts/results.  *Hayes*, 923 F.2d at 422; *Amburgey*, 2016 WL 2859611, at *2.  Here, the Commissioner has not opposed the hourly rate or the total claimed.  Indeed, the Commissioner affirmatively states that it considers the fee arrangement and total request to be reasonable.  [DE 25 at Page ID # 1177].  The Court thus finds that the Commissioner has not rebutted the presumption, and the fee request is reasonable.  Moreover, on its own independent review of the record and Plaintiff's motion, the Court finds the hourly rate entirely reasonable in this case based on counsel's superior qualifications and experience, the varied steps in this litigation, the fact-intensive credibility arguments raised at the summary judgment stage prior to remand, and the favorable results achieved on behalf of Smith.

6

For these reasons, the Court finds that the contingency fee agreement is reasonable and that the total fee request is likewise reasonable, based on the hypothetical hourly rate and the totality of circumstances.  The Court will therefore approve the requested fee of $11,315.50 (comprising 23.7 justified hours at a reasonable hourly rate of $477.45/hour).  However, as both parties acknowledge, Smith is not entitled to keep the lesser EAJA fee award upon approval/receipt of the higher § 406(b) amount.  *See Jankovich v. Bowen*, 868 F.2d 867, 871 n.1 (6th Cir. 1989).  Accordingly, the Court will order counsel to refund the prior EAJA fee in the amount of $4,000 to Smith.

Lastly, the Court addresses the parties' dispute concerning the proper payor for any balance owed to counsel above the 25% past-due award amount withheld.  As all recognize, Smith's representative at the agency stage earned $6,000 of the total past-due amount that was withheld under § 406(a).  The past-due award is, in total, $45,262.00, and the withheld amount was a quarter of that total—*i.e.*, the $11,315.50 here sought.  This leaves current counsel with only a fraction of the fee award here approved that can accrue from the withheld past-due award total.  Counsel notes the harsh result but stops short of asking the Court to direct the Commissioner to pay the remaining balance. Still, to the extent such an implicit request was made, the Court denies it.

First, to the extent counsel argues that the Agency's withholding is inadequate under or inconsistent with *Culbertson v. Berryhill*, 139 S. Ct. 517 (2019), the Court disagrees.  Though the case holds that the total combination of §§ 406(a) and (b) fees *authorized* may exceed 25% of the total past-due award—*i.e.*, that the 25% cap applies only to § 406(b) fees—it does not require the Commissioner to directly pay from Agency funds any such fees authorized above the withholding cap.  *Id.* at 521-23.  In other words, as the Commissioner contends, "[i]f the amount withheld by the Commissioner is insufficient to satisfy the amount of fees determined reasonable by the court,

the attorney must look to the claimant" for the remaining balance. *Booth v. Comm'r of Soc. Sec.*, 645 F. App'x 455, 458 (6th Cir. 2016) (quoting *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 933–34 (10th Cir. 2008)). For these reasons, though the Court *authorizes* the total $11,315.50 counsel fee sought pursuant to § 406(b) for the reasons here discussed, it does not require the Commissioner to directly pay more than the required 25%; counsel must seek any remaining authorized fee balance from Smith directly.

### IV.    CONCLUSION

Accordingly, the Court **ORDERS** as follows:

1.  Plaintiff's Motion for Attorney's Fees [DE 24] is **GRANTED** in all relevant respects;

2.  The Court **AUTHORIZES** a total attorney's fee award of $11,315.50 pursuant to § 406(b); and

3.  Plaintiff's counsel **SHALL** return the previously received $4,000 in EAJA fees to Plaintiff Smith and file documentation of such refund in the record **within 30 days** of this Order.

Entered this 2nd day of February, 2022.



Signed By:
Matthew A. Stinnett
United States Magistrate Judge